THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE,

    Petitioner,

v.                                                                               No. 21-cv-0582 RB-JFR
                                                                                        03-cr-1133 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Anthony David Teague's Motion for Leave to Proceed Pro Se Under Rule 60(b) (Rule 60 Motion). (CV Doc. 1;[1] CR Doc. 163.) Also before the Court are his motions to amend that pleading to raise a claim under Rule 60(b)(4). (CV Docs. 11; 15.) Teague challenges an alleged defect in his 2007 habeas proceeding under 28 U.S.C. § 2255. The Tenth Circuit remanded the Rule 60 Motion after concluding it did not raise successive § 2255 claims or violate Teague's filing restrictions. Having reviewed the criminal record and applicable law, the Court will permit Teague to amend his Rule 60 Motion but deny post-judgment relief.

**I.    BACKGROUND**

The procedural history in this case is complex, as Teague has been litigating his conviction since 2003. The relevant periods of procedural history can be broken down into three parts: the original trial and conviction; the first § 2255 proceeding in 2007; and Teague's ongoing attempts to vacate either the conviction or the § 2255 judgment between 2016 and 2022. The Court will address each below.

---

1 Citations to "CV" Documents refer to documents filed in this matter: 21cv0582.

### A. The Criminal Conviction

In 2003, Teague was arrested and indicted for threatening his former divorce lawyer in violation of 18 U.S.C. § 875(c). The Court ordered a psychological evaluation and found he was competent to proceed to trial. (CR Docs. 7; 8; 12; 13.) The criminal docket reflects at least five attorneys (John Lebya, Stephen Stevers, James Maus, Marcia Milner, and Stephen Ryan) were appointed to represent Teague before he was convicted. (CR Docs. 6; 16; 23; 27; 121.) In most cases, Teague requested a new attorney and/or to represent himself. Stephen Ryan was the last pre-conviction attorney. He started representing Teague on or about July 10, 2003, and continued through trial in December 2003 and sentencing in March 2004. (CR Docs. 27; 52; 62.) The jury convicted Teague of a single count of interstate threats. The Court sentenced him to 21 months imprisonment, followed by a three-year term of supervised release. (CR Doc. 61.)

Teague filed a direct appeal through new counsel (Vicki Mandell-King) and objected to a special condition of supervised release. (CR Docs. 67; 72.) The condition required that he have no contact with the victims, the United States Attorney's Office, or the Court except through counsel. (CR Docs. 67; 72.) The Tenth Circuit affirmed the judgment, including that condition, on May 15, 2006. (CR Doc. 72.)

### B. The 2007 Habeas Proceeding

Teague filed his first 28 U.S.C. § 2255 habeas motion on March 30, 2007. (CR Doc. 74.) Teague raised a single claim of ineffective assistance of counsel. The 2007 Habeas Motion alleges that "[Teague] was incompetent to stand trial and counsel failed to investigate my competency." (*Id.* at 4.) It further alleges that "[Teague] also was misinformed by counsel regarding the law

2

pertaining to a defense of temporary insanity, which would have been the best defense to the charge." (*Id.*) The Court referred the matter to United States Magistrate Judge Leslie Smith for proposed findings and a recommended disposition. (Docs. 3; 4 in 07-cv-0326 RB-LCS.) Judge Smith ordered the Government to answer Teague's 2007 Habeas Motion, and the response at issue in this matter was filed on June 1, 2007. (Doc. 9 in 07-cv-0326) (2007 Response).) The 2007 Response addresses the merits of Teague's claim; attaches an affidavit by attorney Stephen Ryan regarding his representation in Teague's criminal proceeding; and notes that Teague was released from custody. (*Id.*) The certificate of service reflects that the Government served notice of the Response to Teague at his new, non-custodial address, 712 Forest Bend Dr., Plano, TX 75023. (*Id.* at 12.) Judge Smith then denied Teague's motion to appoint counsel – there is no constitutional right to counsel in habeas proceedings – and filed an Order to Show Cause directing Teague to confirm his new address in writing. (Docs. 10; 11 in 07-cv-0326.) On July 16, 2007, Teague confirmed his address as 712 Forest Bend Dr., Plano, TX 75023 (*i.e.*, where the Government served the Response) and stated: "This is the address to which all court correspondence is currently being sent. There has been no 'severed contact with the Court." (Doc. 12 in 07-cv-0326.) Judge Smith quashed the Order to Show Cause pertaining to Teague's address the following day. (Doc. 13 in 07-cv-0326.)

Teague did not file a reply to the 2007 Response. (*See* Docket Sheet in 07-cv-0326.) Judge Smith issued his Proposed Findings and Recommended Disposition on July 24, 2007, more than seven weeks after submission of the Response (2007 PFRD). (Doc. 14 in 07-cv-0326.) The 2007 PFRD rejected Teague's competency claim based on both the merits and, alternatively, a procedural default. Teague's competency exam results reflected that he "attained a perfect score

3

on the Court Competency Test, and he acknowledged at a later pretrial hearing that the "competency issue [had] already been addressed before." (*Id.* at 8–9 (quoting CR Doc. 12 at 13:19–22.) As to the remaining ineffective assistance of counsel claims, the 2007 PFRD found that Teague failed to satisfy his burden under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 12–14.) The failure to investigate competency was rejected for the reasons above. (*Id.*)

As to the alleged failure to research/pursue an insanity defense, the 2007 PFRD observed that Teague presented no argument or evidence that he was "unable to appreciate the . . . wrongfulness of his acts" due to a "severe mental disease or defect." (*Id.* at 13 (quoting 18 U.S.C. § 17).) The 2007 PFRD also cited the affidavit by attorney Stephen Ryan to show Teague was involved in the presentation of his own defense and that Ryan was not confident he could meet the requirements of an insanity defense. (*Id.*) Judge Smith recommended that Teague's 2007 Habeas Motion be denied and invited either party to file objections pursuant to 28 U.S.C. § 636(b)(1)(C). (*Id.* at 14.) The 2007 PFRD also provided notice that written objections were necessary if the objecting party wished to have appellate review of the proposed findings and recommendations. (*Id.* at 14–15.)

The docket reflects that the 2007 PFRD was mailed to Teague at the address he confirmed earlier that month, 712 Forest Bend Drive, Plano, TX 75025. The 2007 PFRD was not returned as undeliverable. Teague did not object to the conclusions in the 2007 PFRD or the citation to attorney Ryan's affidavit. Instead, he submitted a letter again confirming his address; stating he is awaiting his court date and ruling on the motion to appoint counsel; and alleging letters containing unspecified content did not "make their way into [the] official court record." (Doc. 15 in 07-cv-0326.) Teague's letter threatened that if the Court dismissed his 2007 Habeas Motion based on

4

"such obviously manufactured and unjust grounds, a notice of appeal will be filed in a timely fashion." (*Id.*)

By an Order and Judgment entered August 16, 2007, the Court construed Teague's letter as an objection to the 2007 PFRD, overruled it, and dismissed the 2007 Habeas Motion. (Docs. 16; 17 in 07-cv-0326-RB-LCS) (together, the 2007 Habeas Judgment).) The 2007 Habeas Judgment was mailed to Teague at his current address, and he did not file an appeal.

**C. Teague's Efforts to Relitigate the Habeas Judgment and/or Conviction**

In 2016, Teague filed the first of many petitions challenging his 2004 criminal judgment or – when he learned of the restrictions of successive habeas claims – the 2007 Habeas Judgment. The timeline of post-judgment filings and their disposition is as follows:

(1) Teague filed a Petition for Writ of Coram Nobis on July 25, 2016. (CR Doc. 82.) He argued trial counsel was ineffective because he "failed to object to jury instructions which lowered the Government's burden of proof regarding the required culpable mental state." (*Id.* at 1–2.) The Court referred the matter, obtained a response from the Government, and United States Magistrate Judge William Lynch recommended that relief be denied. (CR Doc. 130.) Teague again failed to object to the merits of Judge Lynch's proposed ruling and instead tried to "recharacterize [the] action as a Rule 60(b) motion." (CR Doc. 132.) The Court denied coram nobis relief on October 27, 2017. (CR Doc. 134.) Teague moved to "withdraw and dismiss" the coram nobis action after entry of the final judgment, and that motion was denied as moot. (CR Docs. 136; 137.)

(2) Teague filed a second Motion to Vacate Conviction Under 28 U.S.C. § 2255 on December 26, 2017. (CR Doc. 138.) Teague again alleged that counsel failed to object to jury instructions. The Court dismissed the second § 2255 motion for lack of jurisdiction on February 6,

5

2018, as Teague did not obtain Tenth Circuit permission to file a successive claim. (CR Doc. 141.)

(3) Teague filed his next Motion for Relief on August 17, 2018, followed by two supplements in 2018 and 2019. (CR Docs. 144; 145; 146.) The documents purported to seek relief under Rule 60(b) but alleged that his criminal conviction was unconstitutional and that trial counsel failed to object to jury instructions. The Court again construed Teague's arguments as successive habeas claims and dismissed the matter for lack of jurisdiction on March 18, 2019. (CR Doc. 147.)

(4) On March 27, 2019, Teague filed a Motion to Reconsider the ruling entered March 18, 2019. (Doc. 24 in 07-cv-0326.) This time Teague ostensibly challenged the failure to appoint habeas counsel in the 2007 habeas proceeding, but he also again alleged his trial attorney was ineffective for failing to object to jury instructions. Teague supplemented the motion on May 31, 2019. (Doc. 26 in 07-cv-0326.) The Court dismissed the motions by a ruling entered August 5, 2019. (CR Doc. 149; Doc. 27 in 07-cv-0326.)

(5) Teague filed at least seven motions and responses after entry of the August 5, 2019 ruling. (Docs. 28–34 in 07-cv-0326.) Teague again argued that trial counsel provided ineffective assistance and added a new allegation that he could not understand the nature of the 2007 habeas proceedings because of a mental disability. The Court dismissed the motions by an Order entered February 4, 2020. (CR Doc. 151; Doc. 35 in 07-cv-0326.) The Court also directed Teague to show cause why the Court should not impose filing restrictions. In particular, the Court proposed restricting Teague from "submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction in No. CR 03-1133 RB" unless he obtained an attorney or permission to proceed *pro se*.

(6) Teague filed at least six additional motions and notices between February 14, 2020 and

6

September 25, 2020. (Docs. 36–41 in 07-cv-0326.) The Court denied relief on October 16, 2020, and imposed filing restrictions as set forth above. (CR Doc. 157; Doc. 42 in 07-cv-0326.) Teague appealed, and the appeal was dismissed on December 22, 2020. (Doc. 56 in 07-cv-0326.) The filing restrictions are now final.

(7) Teague filed his next set of motions on April 29, 2020, and December 31, 2020. (Docs. 1; 2 in 21-cv-0400 RB-SMV.) The Court dismissed the motions on May 11, 2021. (Doc. 4 in 21-cv-0400.)

(8) At some point in 2021, Teague filed a motion in the Tenth Circuit seeking permission to file a successive habeas claim, arguing his challenge to the conviction is in fact a true Rule 60(b) claim pertaining to the 2007 Habeas Judgment. The Tenth Circuit "reject[ed] . . . Teague's attempt to circumvent . . . procedures" related to filing in the District Court and denied the motion. (CR Doc. 170.)

(8) Teague filed the Rule 60 Motion in this case on June 24, 2021. (CV Doc. 1.) Though not his last post-conviction motion, it is the subject of this remanded matter. By an Order entered June 30, 2021, the Court initially dismissed the Rule 60 Motion pursuant to the filing restrictions on successive habeas claims. (CV Doc. 2.) The Tenth Circuit reversed and remanded, finding Teague's "proposed motion asserts a defect in the integrity of the 2007 habeas proceedings— namely, that Teague was not afforded the opportunity to respond to his former trial counsel's affidavit, which had been submitted by the government." (CV Doc. 12-1.) The Tenth Circuit directed this Court to consider the merits of Teague's Rule 60(b) arguments.

After filing the appeal, Teague filed two motions to consider his arguments through the lens of Rule 60(b)(4). (CV Docs. 11; 15.) The Court will discuss those motions, as well as the scope of

7

this ruling on remand, below.

## II.     DISCUSSION

### A.     Motions to Amend and Scope of this Ruling on Remand

Teague has filed numerous submissions in this and other cases. To be clear, the only document that was remanded for consideration is the Rule 60 Motion, *i.e.*, the Motion for Leave to Proceed Pro Se, filed June 24, 2021 (CV Doc. 1), and the only issue on remand is whether that document raises grounds for relief under Rule 60(b). Teague recently filed motions to amend that document. (CV Docs. 11; 15.) The original Rule 60 Motion seeks relief under Rule 60(b)(6). Teague asks the Court to consider the same arguments under Rule 60(b)(4). Teague realized after filing this matter that "a 60(b)(4) motion may be brought at any time and is still considered" timely.[2] (CV Doc. 11.) The Court will grant the motions – in an effort to promote judicial economy and to the extent that is the only relief sought – and consider whether the Rule 60 Motion, *i.e.,* Motion for Leave to Proceed Pro Se filed June 24, 2021 in 21-cv-0582 RB-JFR, raises grounds for relief under Rules 60(b)(4) or (60)(b)(6).

Teague also filed *pro se* letters in this case asking the Court to refile documents so that they appear on the docket after entry of the Tenth Circuit mandate. Teague realized that the Court may lack jurisdiction over motions filed in this case while the appeal was pending. The Court has already agreed to consider relief under Rule 60(b)(4). The Court declines to make other changes or consider

---

[2] The Tenth Circuit "has ruled that Rule 60(b)(4) motions are effectively subject to no time limit. Or, put another way, any time period preceding the filing of a Rule 60(b)(4) motion is reasonable as a matter of law because such a motion claims that the underlying judgment is void *ab initio.*" *Myzer v. Bush*, 2018 WL 4368189, at *2 (10th Cir. Sept. 13, 2018) (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979)).

documents in cases not at issue on remand. Teague is reminded that he must keep track of his voluminous filings and file appropriate motions, bearing the correct case number, in each individual case.

Teague's final letter in this case seeks a refund of the $505 appellate filing fee because he "won on appeal." (CV Doc. 13.) There is no authority permitting such a refund, and this request is denied. *See* Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10 (The Judicial Conference's current policy on refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding").

### B.     Rule 60(b) Relief

Teague filed the Rule 60 Motion nearly 14 years after entry of the challenged judgment, *i.e.,* the 2007 Habeas Judgment. To obtain relief more than one year after entry of a final judgment, the movant typically must show the judgment is void or has been "satisfied, released or discharged." Rule 60(b)(4)–(5). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." Relief under Rules 60(b)(5)–(6) is not subject to a specific time limit, but a motion thereunder must be made "within a reasonable time." Rule 60(c)(1). Courts have considerable discretion in deciding whether to grant relief from a judgment. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

### C.     The Motion Fails to Establish Grounds for Relief Under Rule 60(b)(4)

Teague's Rule 60 Motion, as supplemented to include Rule 60(b)(4), alleges that the 2007 Habeas Judgment is void. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."

9

*United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir.2002) (quotation omitted). Rule 60(b)(4) relief is rare. In the context of due process, the "violation of due process [must be one] that deprives a party of notice or the opportunity to be heard." *See Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) (In the context of Rule 60(b)(4), courts look to whether the "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied."). Where a party received such process, a judgment is not void even where "it is or may be erroneous." *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979); *see also United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (rejecting 60(b)(4) arguments that "concern the correctness of the district court's decision").

Teague seeks Rule 60(b)(4) relief because the Court relied on his former trial counsel's affidavit in 2007. That affidavit was attached to the Government's 2007 Response. Judge Smith cited the affidavit in his 2007 PFRD to supplement his conclusion that Teague could not have prevailed on defenses related to competency or insanity. Teague did not file a substantive reply to the 2007 Response, did not submit a competing affidavit, and did not specifically object to the use/contents of the affidavit after receiving the 2007 PFRD citing attorney Ryan's statements. He nevertheless contends the 2007 Habeas Judgment was entered without notice and an opportunity to be heard because the Court did not hold an evidentiary hearing. "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). Teague's filings in 2007 gave no indication of how his testimony would support his claim regarding insanity/competency, nor does he include that information now. Simply asking for a hearing in response to a proposed ruling, without identifying any specific errors or fact

10

disputes within that ruling, is not sufficient to preserve a due process defect. Rule 60(b)(4) relief is not available because the Court declined to hold an evidentiary hearing 14 years ago.

Teague may also argue that the Court should have entered a separate order directing him to file a competing affidavit or reply. The local rules have always permitted litigants to file a reply brief in connection with a written response. *See, e.g.,* D.N.M. Local Rule 7.4 (replies must be served and filed within 14 days of the response); D.N.M. Local Rule 7.5 (noting Rule 7's page limit on replies applies to "proceedings under 28 U.S.C. §§ 2241, 2254, and 2255"). Teague has not offered, nor has the Court discovered, authority that conflates the opportunity to be heard with the right to receive an express invitation to submit further filings. A comparison of the 2007 Habeas Rules and the current rules confirms that an express invitation was not required. The 2007 version of Habeas Rule 5 identifies what the answer must include and states the "moving party *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge." The current version of Habeas Rule 5 reiterates that the petitioner may file a reply but adds the "judge must set the time to file [the reply] unless the time is already set by local rule." Habeas Rule 5(d) (incorporating 2019 amendments). The addition of the last sentence in 2019 demonstrates that judges were not previously required to issue a separate order regarding a reply. The Court is therefore not convinced that Judge Smith denied Teague the right to be heard by ruling on the § 2255 motion and response after seven weeks passed and without expressly soliciting a reply brief.

Teague points to 28 U.S.C. § 2246 and Habeas Rule 7, but neither changes the analysis. Section 2246 simply states that habeas evidence may be taken by affidavit, and that "if affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits." 28 U.S.C. § 2246. The Court did not abridge this right or disregard any

11

answering affidavit filed by Teague. He could have filed such affidavit in the seven weeks after receipt of the Government's 2007 Response or requested an extension to do so after receiving the 2007 PFRD, which relied on attorney Ryan's affidavit. As to Habeas Rule 7, the 2007 text provides that if a "motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion." The rule gives examples of "materials that may be required" and states the "judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Habeas Rule 7(b)–(c). Judge Smith did not require materials, expand the record, or enter any Order under Habeas Rule 7. He simply directed an answer under Habeas Rule 4, and the Government elected to attach the affidavit from trial counsel in response to an Order.

For these reasons, the Court declines to read § 2246, Habeas Rule 7, or Rule 60(b)(4) as imposing a requirement that judges issue advisory orders educating *pro se* petitioners about their litigation options and/or their rights under federal law. While the Tenth Circuit requires liberal construction of *pro se* pleadings, it "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations omitted). The Court therefore finds that Judge Smith did not violate due process principles by issuing a proposed ruling on the 2007 Habeas Motion seven weeks after the Government served notice of its response on Teague, and without holding a hearing or expressly inviting Teague to file a competing affidavit.

As a second, alternative basis for denying relief under Rule 60(b)(4), the Court also observes that the 2007 PFRD did not hinge on the affidavit filed by Teague's former trial counsel. Teague's 2007 Motion alleges that he was incompetent; that trial counsel failed to investigate

competency; and that trial counsel failed to pursue a temporary insanity defense. As discussed above, the 2007 PFRD rejected the arguments pertaining to competency based on the psychological evaluation and the doctor's finding that he attained a perfect score on the Court Competency test. (Doc. 14 in 07-cv-0326.) The arguments pertaining to competency were rejected without citation to the challenged affidavit. As to counsel's alleged failure to pursue an insanity defense, the 2007 PFRD first points out:

> To prevail on an insanity defense in a federal criminal case, a defendant must show that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17; *see also United States v. Ringer*, 2005 WL 1666105, at *3 (10th Cir. July 18, 2005). Again, Movant presents no argument or evidence to support this claim. (Doc. 1 at 4.)

(Doc. 14 at 13 in 07-cv-0326.) The 2007 PFRD goes on, in the interest of thoroughness, to cite the affidavit as evidence that Teague was fully involved in the planning of his defense. However, the ruling demonstrates this additional evidence gleaned from the affidavit is superfluous to the ultimate conclusion, *i.e.*, that counsel reasonably declined to pursue an insanity defense or challenge competency based on Teague's perfect score on the psychological evaluation and failure to proffer any additional detail undermining the result. The citation to the affidavit therefore would not change the result, and Rule 60(b)(4) does not require the Court to reopen a 14-year-old case.

As a third, alternative basis for denying relief under Rule 60(b)(4), the Court notes that Teague has not identified what information, if any, he would have proffered in a reply to the Government's 2007 Response. The Tenth Circuit has repeatedly held that the "lack of an opportunity to file a reply brief is [not] a ground for reversal," particularly where the *pro se* litigant "neither responds to the Government's arguments" nor "specif[ies] what arguments or assertions

13

he would have included in a reply brief."[3] *United States v. Beasley*, 2022 WL 612505, at *2 (10th Cir. Mar. 2, 2022) (gathering cases); *see also United States v. De Leon*, 2021 WL 3478372, at *1 n.1 (11th Cir. Aug. 9, 2021) (no error denying a compassionate-release motion without a reply brief because defendant did not identify any arguments she would have made or how she was otherwise prejudiced); *United States v. Luke-Sanchez,* 327 Fed. App'x 774, 776 (10th Cir. 2009) (defendant not prejudiced where government failed to serve its response because he never identified arguments he would have made in reply brief). The Court therefore declines to invoke the rare remedy under Rule 60(b)(4) – reopening a habeas proceeding after 14 years and where Teague has completed the sentence – on the chance Teague *might* have relevant information that controverts the Government's 2007 Response.

Finally, and perhaps most importantly, even if a defect existed in the 2007 habeas proceeding based on the failure to solicit competing testimony from Teague, the 2007 Habeas Judgment was not entered without notice or an opportunity to be heard. The Tenth Circuit has found due process was satisfied, for purposes of Rule 60(b)(4), where the complaining party received notice of the challenged action and failed to exercise its rights prior to entry of the judgment. *See In re Four Seasons Sec. L. Litig.*, 502 F.2d 834, 843 (10th Cir. 1974) (finding due process was satisfied where appellant received notice of a proposed settlement and failed to opt out). This is precisely what occurred in this case. The Government served its 2007 Response on Teague at his correct address (712 Forest Bend Dr., Plano, TX 75023), and there is no indication that mailing

---

[3] Indeed, it is difficult to imagine what evidence Teague could have presented to establish incompetence or insanity. His *pro se* filings indicate he understands the difference between successive habeas claims and Rule 60(b) claims; the fact that district courts lack jurisdiction over filings submitted during the pendency of an appeal; and that Rule 60(b)(4) is the only avenue for relief from a 14-year-old judgment.

was returned. (Doc. 9 in 07-cv-0326.) The 2007 PFRD expressly counseled Teague that if he objected to the denial of his 2007 Habeas Petition, he must file a written objection within ten days. Teague's instant Rule 60 Motion, filed June 24, 2021 – the controlling pleading on remand – does not allege he failed to receive a copy of either the Government's 2007 Response or the 2007 PFRD. Teague also fails to explain why he declined to either object to the proposed ruling or file an appeal on the basis that he did not receive an opportunity to respond to attorney Ryan's affidavit. *See Johnson v. Spencer*, 950 F.3d 680, 703 (10th Cir. 2020) (A "party's regretted decision not to appeal an adverse judgment" is not grounds for relief under Rule 60(b)). The PFRD process therefore cured any notice defect in connection with the use of attorney Ryan's affidavit, to the extent one existed. Teague received an opportunity to be heard before entry of the final 2007 Habeas Judgment, and that judgment is not void.

The Court notes that a contrary reading of Rule 60(b)(4) would allow litigants to ignore a Magistrate Judge's proposed ruling, ignore their right to appeal that ruling when it is adopted, and then lie in wait for over a decade until they have a new motivation to challenge an old judgment. Rule 60(b)(4) provides a narrow safety valve where the adjudication of rights comes as a surprise; it does not allow litigants to circumvent the process for collateral review. *See Cohen v. Longshore*, 621 F.3d 1311, 1318 (10th Cir. 2010) (citing the firm-waiver rule, which states the failure to object to a PFRD waives further review of the factual and legal questions). This is particularly true where Teague tested numerous theories of error over numerous years until he seized upon the one alleged defect that bears any relation to due process. For all four of these alternative reasons, the Rule 60 Motion filed June 24, 2021 in 21-cv-0582 does not warrant relief under Rule 60(b)(4).

### D. The Motion Fails to Establish Grounds for Relief Under Rule 60(b)(6).

Rule 60(b)(6) allows the Court to set aside a judgment for "any . . . reason" not identified in Rule 60(b)(1)(5) "that justifies relief." Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). For all of the reasons outlined above, Teague has not shown that the 2007 Habeas Judgment offends justice. Teague has already completed the underlying criminal sentence and is no longer incarcerated on that charge. He declined to object to the proposed ruling and declined to appeal the final order in 2007. He hasn't identified what contrary evidence, if any, would change the outcome of the 2007 habeas proceeding. He only arrived at his current theory through trial and error, and after filing many, many post-judgment motions that test other theories.

Alternatively, even if Teague established grounds for relief under Rule 60(b)(6), the Rule 60 Motion is not timely. Unlike Rule 60(b)(4), which has no time limit,[4] motions under Rule 60(b)(6) must be made within a reasonable time. *See* Rule 60(c)(1). Teague waited nearly 14 years to file the Rule 60 Motion, which is not reasonable. *See Davis v. Warden, Fed. Transfer Ctr., Okla. City,* 259 Fed. App'x 92, 94 (10th Cir. 2007) (rejecting Rule 60(b)(6) motion where habeas petition waited almost three years to seek relief); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (finding no abuse of discretion in ruling that one year between judgment and Rule 60(b) motion was not a reasonable time); *United States v. Morales-Morales*, 222 Fed. App'x. 796, 796–97 (10th Cir. 2007) (affirming ruling that one and a half years between judgment and Rule 60(b)

---

[4] *See Myzer v. Bush*, 2018 WL 4368189, at *2 (10th Cir. Sept. 13, 2018) (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979).

16

motion was not a reasonable time). The Court will therefore deny Teague's request for relief under Rule 60(b)(6).

### III. Conclusion and Certificate of Appealability

Based on the foregoing, and for each alternative reason above, the Court concludes Teague's Rule 60 Motion, filed June 24, 2021 (CV Doc. 1) fails to establish grounds for relief under Rules 60(b)(4) or (b)(6). The Court will deny that motion. Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right" and that reasonable jurists would debate the assessment of the constitutional claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this ruling is not reasonable debatable and will deny a certificate of appealability.

**IT IS ORDERED** that Anthony David Teague's Motions to Amend (**CV Docs. 11; 15**) are **GRANTED**, to the extent he asks the Court to analyze his argument under Rule 60(b)(4); his Motion for Leave to Proceed Pro Se, filed June 24, 2021 (**CV Docs. 1; CR Doc. 163**) is **DENIED**; and a certificate of appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE